## MARY GADBOIS ET AL. *v.* PLANNING COMMISSION OF THE TOWN OF EAST LYME ET AL.
### (SC 16483)

Sullivan, C. J., and Norcott, Katz, Vertefeuille and Zarella, Js.

Argued April 18—officially released August 21, 2001

*Scott W. Sawyer*, for the appellants (named plaintiff et al.).

*Edward B. O'Connell*, for the appellee (named defendant).

*Amy M. Stone*, for the appellee (defendant Orchard Woods Associates, L.P.).

*Opinion*

PER CURIAM. The plaintiffs in this case, Mary Gadbois, Robert Gadbois and Lucy Romanych (plaintiffs)[1] appeal from the judgment of the trial court dismissing their appeal from the granting of a subdivision application by the named defendant, the planning commission of the town of East Lyme (commission).[2] They claim that the trial court improperly determined that it did not have subject matter jurisdiction over the appeal owing to their failure to comply with the strict requirements of General Statutes § 8-8.[3] We affirm the trial court's judgment of dismissal.

---

[1] The plaintiffs intervened pursuant to General Statutes § 22a-19 (a), which provides in relevant part: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[2] We transferred this appeal to this court from the Appellate Court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[3] General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections

The following facts are pertinent to this case. In March, 1999, the defendant Orchard Woods Associates, L.P. (Orchard Woods), a developer, submitted a 161 lot subdivision plan to the commission. In May, 1999, the commission unanimously voted to approve the Orchard Woods subdivision plan. The plaintiffs commenced their appeal of that decision by service of process on June 4, 1999. The procedure for the service of legal process in an appeal from the decision of the commission to the Superior Court is delineated in General Statutes § 8-8, which is made applicable to decisions of a planning commission by General Statutes § 8-28.[4] An appeal "shall be commenced by service of process . . . within fifteen days from the date the notice of the decision was published." General Statutes § 8-8 (b). Process must be served upon "the chairman or clerk of the board" *and* "the clerk of the municipality." General Statutes § 8-8 (e).

In the present case, the plaintiffs commenced their appeal of the commission's decision by means of a citation directed to a proper officer to "summon the . . . Commission . . . by leaving with or at the usual place of abode of the chairman or clerk of that Commission a true and attested copy of the complaint and of this citation . . . ." Subsequently, in accordance with

(e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. . . ."

General Statutes § 8-8 (e) provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."

[4] General Statutes § 8-28 provides in relevant part: "Any appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8."

the citation, legal process was served upon Walter Cullen, chairperson of the commission, and upon Peter G. Perakos II, Orchard Woods' agent for service of process. The citation made no reference to the clerk of the municipality, and the town clerk therefore was not served. Accordingly, the trial court dismissed the appeal.

It is well established that within the context of administrative appeals, defects in service of process deny the court subject matter jurisdiction over the appeal. "A citation is a writ issued out of a Court of competent jurisdiction commanding a person therein named to appear on a day named to do something therein mentioned. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be little more than a deliveryman. . . . [Additionally, the] citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . . [Thus, a] proper citation is essential to the validity of the appeal and the jurisdiction of the court." (Citations omitted; internal quotation marks omitted.) *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 420, 533 A.2d 879 (1987) (*Simko I*).

In *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 382, 538 A.2d 202 (1988) (*Simko II*), this court reaffirmed its decision in *Simko I*, that the municipal clerk is a necessary party to a zoning appeal. "[W]e affirm *Simko I* and hold that the clerk of the municipality is a statutorily mandated, necessary party to the proper institution of an appeal and must properly be served with true and attested copies of the appeal." Id.

Following that decision, the legislature modified the provision of § 8-8 concerning service of appeals, cur-

rently found in subsection (e); see Public Acts 1988, No. 88-79, § 1 (b); clarifying that the clerk of the municipality was not a necessary party to the appeal. Public Acts 1988, No. 88-79, however, also emphasized that the service upon the clerk of the municipality was still mandatory.[5] As the trial court ably expressed: "Although neither the chair nor the clerk, as individuals, are necessary parties to this administrative appeal; see General Statutes § 8-8 (e); the commission is a necessary party and the failure to provide sufficient notice of the appeal to that commission deprives the court of subject matter jurisdiction. Service on the chairman . . . and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board . . . ." (Internal quotation marks omitted.)

The trial court properly concluded that the failure to make service upon the town clerk, a fatal jurisdictional defect, cannot be remedied by the so called "savings provisions": General Statutes (Rev. to 1999) § 8-8 (p) and (q).[6] General Statutes (Rev. to 1999) § 8-8 (p) provides in relevant part: "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. . . ." General Statutes (Rev. to 1999) § 8-8 (q) provides

---

[5] Section 1 (b) of Public Acts 1988, No. 88-79 provides in relevant part: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality, provided service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said commission and shall not thereby make such clerk a necessary party to such appeal. . . ."

[6] In the General Statutes as revised to 2001, what had been subsections (p) and (q) of § 8-8, as revised to 1999, are now subsections (o) and (p). For the sake of consistency with the trial court's memorandum of decision, the plaintiffs' brief, the commission's brief and Orchard Associates' brief, we will refer to them in this opinion as § 8-8 (p) and (q).

in relevant part: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . ."

As the trial court correctly recognized, this court has not had the opportunity to speak to the issue of the applicability of the savings provisions to defective service of process. We now agree with the trial court that for valid service of process in an administrative appeal from the decision of a zoning board or planning commission, service must be made by "leaving a true and attested copy of the process with . . . the chairman or clerk of the board, *and* by leaving a true and attested copy with the clerk of the municipality." (Emphasis added.) General Statutes § 8-8 (e). The adoption of General Statutes (Rev. to 1999) § 8-8 (p) and (q) has not changed this strict requirement except in very specifically defined exceptions. Defective service of process may not be fatal when either the strict adherence to the mandate of § 8-8 (e) would work surprise or injustice, or the problem with the service is due to negligence or error on the part of the sheriff, not the plaintiff. Because the circumstances of this case do not satisfy either narrowly drawn exception, the failure of the plaintiffs to serve legal process correctly is a fatal defect. As a result, the court had no subject matter jurisdiction and correctly dismissed the appeal.

The judgment is affirmed.