[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO DISMISS AND MOTION OF DEFENDANT ORCHARD
CT Page 15535 WOODS ASSOCIATES, L.P., TO BE JOINED AS A PARTY DEFENDANT Facts
The plaintiffs, Mary Gadbois, Robert Gadbois, Lucille Romanych, Harold Pessirilo and Ronnie Horowitz appeal, pursuant to General Statutes §8-8, from the decision of the defendant planning commission of the town of East Lyme (the commission) approving a subdivision application of the intervening defendant Orchard Woods Associates, L.P. (Orchard Woods). The commission approved the application with conditions on May 18, 1999, and notice of the approval was published on May 22, 1999.
The plaintiffs previously attempted to appeal the commission's action, and the facts of that previous appeal are set forth inGadbois v. Planning Commission, 257 Conn. 604 (2001) (Gadbois I).* "The plaintiffs commenced their appeal of [the commission's] decision by service of process of June 4, 1999. The procedure for the service of legal process in an appeal from the decision of the commission to the Superior Court is delineated in General Statutes § 8-8, which is made applicable to decisions of a planning commission by General Statutes § 8-28. An appeal `shall be commenced by service of process . . . within fifteen days from the date the notice of the decision was published.' General Statutes § 8-8 (b). Process must be served upon `the chairman or clerk of the board' and `the clerk of the municipality.' General Statutes § 8-8
(e)." (Emphasis in original.) Id., 606.
The Supreme Court continued: "In the present case, the plaintiffs commenced their appeal of the commission's decision by means of a citation directed to a proper officer to `summon the . . . Commission . . . by leaving with or at the usual place of abode of the chairman or clerk of that Commission a true and attested copy of the complaint and of this citation. . . .' Subsequently, in accordance with the citation, legal process was served upon Walter Cullen, chairperson of the commission, and upon Peter G. Perakos II, Orchard Woods' agent for service of process. The citation made no reference to the clerk of the municipality, and the town clerk therefore was not served. Accordingly, the trial court dismissed the appeal." Id., 606-607. On August 21, 2001, the Supreme Court affirmed this court's judgment of dismissal. Id., 609.
In the present appeal, the plaintiffs' citation properly directed service on the chairman or clerk of the commission and the clerk of the municipality. On August 20, 2001, service was made on both the town clerk and the chairperson of the commission. On September 24, 2001, Orchard Woods, as the owner of the subject premises, filed a motion to be joined CT Page 15536 as a party defendant. The commission and Orchard Woods filed motions to dismiss the appeal on September 26, 2001, and October 15, 2001, respectively. On October 10, 2001, the plaintiffs filed an objection to the commission's motion to dismiss and a memorandum of law.
The notice sent to the parties regarding oral argument on the motions is dated October 16, 2001 and provides: "Please be advised that oral argument is scheduled in connection with the foregoing case on 10-30-01 at 10:00 A.M., at 70 Huntington Street, New London, CT., before the honorable Joseph Purtill. The motions to be argued are as follows: #102, 103, 105 and motion to dismiss. Requests for continuances must be filed in writing, at least 48 hours before the scheduled event, with the presiding judged, Robert A. Martin." On October 26, 2001, the clerk's office received a letter from Scott W. Sawyer, counsel for the plaintiff. The letter is addressed to the chief clerk of the court and provides in relevant part: "I understand that the above referenced motions are to be set for a special hearing before Judge Purtill at the defendants' request. I am out of the country next week. I would appreciate that the hearing be scheduled some time after November 12, 2001." Neither counsel for the plaintiff nor counsel for the commission appeared for the scheduled hearing.
 Discussion
The court will first address the absence of counsel at the October 30, 2001, hearing. Practice Book § 11-18(d) provides: "Failure to appear and present argument on the date set by the judicial authority shall constitute a waiver of the right to argue unless the judicial authority orders otherwise." In the present case, the letter by counsel for the plaintiff was not a proper motion for continuance. Although the court had notified the parties that motions for continuance were to be directed to Judge Martin, counsel for the plaintiff nevertheless sent the request to the clerk of the court. Furthermore, the request was made by way of an informal letter rather than the official form, JD-CV-21. Finally, even if the letter could properly be considered a motion for continuance, it was never granted by the court. Pursuant to Practice Book § 11-18(d), therefore, the court finds that the right to oral argument has been waived. The motions will be considered on the papers.
The court will next address Orchard Woods' motion to be joined as a party defendant. There has been no objection to Orchard Woods' motion. Furthermore, the court finds that as the owner of the subject property, and as the successful subdivision applicant in the proceeding before the commission, Orchard Woods is a necessary party to this action. Orchard Woods' motion to be joined as a party defendant is granted. CT Page 15537
The court will now address the defendants' motions to dismiss. "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a). "[W]hen a motion to dismiss does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . . A motion to dismiss may raise issues of fact and would, therefore, require a hearing to determine the facts. . . . Where, however, no genuine issue as to a material fact exists a hearing is not required because the motion merely presents a question of law as applied to the facts well pleaded." (Citations omitted; internal quotation marks omitted.) Sagamore Group, Inc. v. Commissioner of Transportation,29 Conn. App. 292, 298 (1992).
In the present case, the parties agree that the court proceedings inGadbois I, as set forth in the Supreme Court's decision, are relevant to resolution of the present motion to dismiss. The plaintiffs concede in their memorandum of law that "the same plaintiffs filed this appeal, identical to the prior appeal in all respects except for its date, in which they state precisely the same allegations of error by the Commission in approving the Orchard Wood's subdivision application on May 18, 1999 and in which they state precisely the same claims for relief." Consequently, although the defendants' motions to dismiss rely on facts outside the pleadings, namely, the history of Gadbois I and identity of issues and parties, those facts are undisputed and the motion presents a question of law as applied to those facts.
The defendants move to dismiss this appeal on the ground that it was not commenced within the time limitation set forth in General Statutes § 8-8 (b), which provides in relevant part: "The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." The failure to file an appeal within the time period set forth in 8-8 (b) deprives the court of jurisdiction over the appeal. Upjohn Co. v. Zoning Board ofAppeals, 224 Conn. 96, 102 (1992).
The plaintiffs do not dispute that this appeal was commenced more than fifteen days from the date that the notice of decision was published. The plaintiffs maintain, however, that this case falls within the savings provision of General Statutes § 8-8 (p), which provides in relevant part: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from CT Page 15538 determination of that defect to properly take the appeal." The plaintiffs also rely on § 8-8 (o), which provides in relevant part: "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice." According to the plaintiffs, the previously dismissed appeal failed to be heard on its merits because of insufficient service and the present appeal is therefore proper because it was brought within fifteen days of the Supreme Court's decision affirming the dismissal.
The plaintiffs' interpretation of § 8-8 (p) is contrary to the plain language of the statute and appellate case law interpreting it. Section 8-8 (p) does not apply to all cases not heard on the merits because of insufficient service; it applies only in the case of "insufficient service or return of the legal process due to unavoidableaccident or the default or neglect of the officer to whom it wascommitted." (Emphasis added.) General Statutes § 8-8 (p). There is nothing in the present case to suggest either an unavoidable accident of the default or neglect of the sheriff who served the original appeal.
Our Supreme Court has already determined in Gadbois I that the circumstances leading to the dismissal of the plaintiff's first appeal did not fall within the purview of § 8-8 (o) and (p). The court stated that "for valid service of process in an administrative appeal from the decision of a zoning board or planning commission, service must be made by `leaving a true and attested copy of the process with . . . the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality.' (Emphasis added.) General Statutes § 8-8 (e). The adoption of General Statutes (Rev. to 1999) § 8-8 [(o)] and [(p)] has not changed this strict requirement except in very specifically defined exceptions. Defective service of process may not be fatal when either the strict adherence to the mandate of § 8-8
(e) would work surprise or injustice, or the problem with the service is due to negligence or error on the part of the sheriff, not the plaintiff. Because the circumstances of this case do not satisfy either narrowly drawn exception, the failure of the plaintiffs to serve legal process correctly is a fatal defect. As a result, the court had no subject matter jurisdiction and correctly dismissed the appeal." Gadbois v.Planning Commission, supra, 257 Conn. 609.[1]
The plaintiffs further argue that Gadbois I involved the absence of personal jurisdiction rather than subject matter jurisdiction, and that the jurisdictional defect can therefore be remedied by "properly citing and serving this appeal." This argument is meritless because the Supreme Court explicitly held in Gadbois I that "the court had no subject matter CT Page 15539 jurisdiction. . . ." Id.
Finally, the plaintiffs argue that, because Gadbois I was not decided on the merits, the Supreme Court's determination of the inapplicability of § 8-8 (o) and (p) is not binding in the present case under the doctrine of collateral estoppel.[2] The plaintiffs state that "[n]o one disagrees that the issue of subject matter jurisdiction was fully litigated; however contrary to the defendant's claim, the merits were not actually decided and not determined."
"Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. [C]laim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits; . . . [i]ssue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit. . . . Collateral estoppel, however, is capable of precluding a party from relitigating only issues and facts that actually and necessarily were determined in an earlier proceeding." (Citations omitted; internal quotation marks omitted.) Nancy G. v. Dept. of Children Families,248 Conn. 672, 681-82 (1999). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the firstaction. It also must have been actually decided and the decision must have been necessary to the judgment" (Emphasis in original; internal quotation marks omitted.) R R Pool Patio, Inc. v. Zoning Board ofAppeals, 257 Conn. 456, 466 (2001).
The plaintiffs' sole claim with regard to the applicability of collateral estoppel is that there was never a final judgment on the merits in Gadbois I. As the authorities quoted above demonstrate, the existence of a final judgment on the merits is an element of res judicata, not of collateral estoppel. Because the jurisdictional issue of the applicability of § 8-8 (o) and (p) was fully and fairly litigated and was necessary to the judgment of dismissal, the elements of collateral estoppel are satisfied. The fact that the court in Gadbois I never reached the substantive merits of the plaintiffs' appeal is irrelevant. See Restatement (Second), Judgments § 20, comment (b) (1982) (rules of issue preclusion (collateral estoppel) apply to valid and final personal judgment for defendant even though judgment is one of dismissal for lack of jurisdiction to which claim preclusion (res judicata) does not apply).
 Conclusion
As the owner of the subject property, Orchard Woods is a necessary party to this appeal. The motion to be joined as a party defendant is therefore granted. CT Page 15540
The plaintiffs commenced their appeal more than fifteen days after the notice of the commission's decision was published. Furthermore, the circumstances under which the plaintiffs' previous appeal was dismissed do not bring this case within the savings provision of General Statutes § 8-8 (p). Accordingly, the court lacks subject matter jurisdiction and the defendants' motions to dismiss are granted.
Joseph J. Purtill, Judge Trial Referee