[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
On August 23, 2001, the plaintiffs, Loren and Lilli Sherman, filed an appeal from a decision of the zoning board of appeals of the town of Fairfield. On the citation, the state marshall was commanded to summon the board by leaving with or at the usual place of abode of Patricia Rock, clerk of the zoning board of appeals, and Marguerite Toth, clerk of the town of Fairfield, a true and attested copy of the appeal and the citation. The marshall's return of service states that he made service upon Marguerite Toth, town clerk, and upon Jack Graham, "authorized to CT Page 302 accept service for" the zoning board of appeals.
The defendant, and applicant before the zoning board, Southport Village Partners, LLC, moves to dismiss the appeal on the ground that neither the chairman, Frank Johnson, nor the clerk, Patricia Rock, of the zoning board of appeals was served in hand or at the usual place of abode, in violation of General Statutes § 8-8 (e), and that the court therefore lacks subject matter jurisdiction.[1] The plaintiffs argue that the principles set forth in § 8-8 (p) apply in this case to save the appeal. Subsection (p) provides in relevant part: "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice."
 DISCUSSION
In the recent case of Gadbois v. Planning Commission, 257 Conn. 604,___ A.2d ___ (2001), the Supreme Court had occasion to discuss subsections (p) and (q) of § 8-8. Although in that case the Court upheld the trial court's dismissal of the appeal because the citation made no reference to the clerk of the municipality, who was therefore not served, the Court reiterated that the "citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . . [Thus, a] proper citation is essential to the validity of the appeal and the jurisdiction of the court." (Citations omitted; internal quotation marks omitted.) Id., 607. In the case at hand, the citation properly identified Patricia Rock as the clerk of the zoning board of appeals. Therefore, "every presumption is to be indulged in favor of jurisdiction. . . ." (Internal quotation mark omitted.) Banksv. Thomas, 241 Conn. 569, 586, 698 A.2d 268 (1997).
Here, the sheriff's return mentions, and service was made on, the wrong person because something went amiss at the point of service, not because the citation was defective. In Gadbois v. Planning Commission, supra,257 Conn. 604, the Court recognized that, pursuant to § 8-8 (p), "[d]efective service of process may not be fatal when . . . the strict adherence to the mandate of § 8-8 (e) would work surprise or injustice. . . ." Id., 609. The court must therefore determine whether the facts warrant the conclusion that strict adherence to § 8-8 (e) would work surprise or injustice.
The plaintiffs explain in their objection to the motion to dismiss that their counsel, in preparation for service, contacted the zoning board to request the name and address of the clerk. The board told counsel that Patricia Rock was the clerk, but it refused to give her home address. CT Page 303 Thus, abode service could not be made. The citation directed the marshall to serve Patricia Rock in hand at the address of the Fairfield town hall. At the town hall, the marshall spoke with Jack Graham, an inspector for the planning and zoning commission. The marshall thought that Mr. Graham told him that Patricia Rock was no longer authorized to accept service for the zoning board, and that he was. As a result, the marshall believed that Patricia Rock no longer worked for the zoning board, and he therefore served Mr. Graham. The marshall had no reason to question Mr. Graham's authority to accept service, because he had served him previously on at least one other appeal. The marshall later realized that he had misunderstood what he was told at the time of service.
The plaintiffs argue that they should not be penalized because the zoning board has not made it clear to its employees who is authorized to accept service, because the zoning board refused to give Patricia Rock's home address, and because it was Mr. Graham's representations that caused confusion as to whether Ms. Rock was the correct party to accept service, thereby inducing the marshall to serve him rather than Ms. Rock.
The "gravamen of [§ 8-8]'s ability to save an appeal from a jurisdictional defect is that the plaintiff attempted to take an appeal within a timely manner, that the [zoning board of appeals] was aware of the fact that an appeal was taken within a timely manner, and that the plaintiff made some type of mistake in taking its appeal." Wasilewski v.Planning and Zoning Commission of Wallingford, Superior Court, judicial district of New Haven at New Haven, Docket No. 354703 (May 13, 1994,Booth, J.) (11 Conn.L.Rptr. 498, 499), citing Castellon v. Board ofZoning Appeals, 221 Conn. 374, 603 A.2d 1168 (1992). In the present case, there is no dispute that the plaintiff attempted to take the appeal in a timely manner, and that the zoning board was aware of that fact. The town has not argued that it was prejudiced by the misunderstanding. Furthermore, although a mistake was made, it could not fairly be said that the plaintiffs made it. The citation properly identified Patricia Rock as the clerk of the zoning board of appeals. Based on the facts of this case, strict adherence to the mandate of Section 8-8e would work injustice.
The motion to dismiss is denied.
GALLAGHER, J.