[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF APPEAL
The plaintiff, Helena Hoffman, appeals the decision of the defendant Bridgeport zoning board of appeals granting a variance to co-defendants Kathleen Martinez and the estate of Anna G. Schwartz (hereinafter, "Martinez"). The variance of § 12-10 (a) and (b) of the Bridgeport zoning regulations allows Martinez to establish a package store use at 326 Granfield Avenue within 1500 feet of other liquor establishments and a public elementary school.
Martinez is the lessee of the property owned by the estate of Anna G. Schwartz, which is located at 326 Granfield Avenue in Bridgeport. (Return of Record [ROR], Item 1(b); Hoffman's Exh. A, B.) On May 22, 1999, Martinez filed a petition to the zoning board of appeals seeking a variance to allow her to operate a package store within 1500 feet of a public elementary school. (ROR, Item 1(b).) The board considered Martinez's petition for a variance during a public hearing on July 13, 1999. (ROR, Item 1(a).)
The board approved Martinez's petition for a variance and issued its decision on July 13, 1999. (ROR, Item 1(g).) The board stated two reasons for its approval of Martinez's petition. (ROR, Item 1(g).) First, the board stated that the granting of the petition will not adversely impact the general area. (ROR, Item 1(g).) Second, Martinez's property is located at the outer periphery of the 1500 foot distance from the existing public school and is not directly aligned with or easily accessible from the school. (ROR, Item 1(g).)
The plaintiff, Helena Hoffman, is a taxpayer in the city of Bridgeport and owner of real property located at 217 Seaver Circle. (Hoffman's Exh. A, D1, D2, D3, E, F, G.) She appeals the board's decision granting Martinez's petition. CT Page 2905-bm
Notice of the board's July 13, 1999 decision was published on July 18, 1999 (ROR, Item 1(h).) Within fifteen days thereafter, on July 29, 1999, Hoffman commenced this appeal by service of process on the Bridgeport city clerk, the town clerk, the clerk of the zoning board of appeals, the chairperson of the zoning board of appeals, Martinez, and the designated successor trustee of the estate of Anna G. Schwartz. A proper citation was filed with the Superior Court on August 5, 1999. Accordingly, the court finds that this appeal was commenced in a timely manner by service of process upon the proper parties. See, General Statutes § 8-8 (b);Gadbois v. Planning Commission, 257 Conn. 604, 607, 778 A.2d 896 (2001) ("[a] proper citation is essential to the validity of the appeal and the jurisdiction of the court").
 JURISDICTION
General Statutes § 8-8 governs an appeal from the decision of a board to the Superior Court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985).
Aggrievement
"It is well settled that [p]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Citation omitted; internal quotation marks omitted.)Harris v. Zoning Commission, 259 Conn. 402, 409, 788 A.2d 1239 (2002). "Since 1953, this court has consistently held that a resident taxpayer appealing a zoning decision involving the sale of liquor is, a priori, an aggrieved person under § 8-8 (a)." Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 201, 676 A.2d 831 (1996). "[T]o be an aggrieved person within the meaning of the statute one must show a pecuniary interest injuriously affected by the action of the zoning board of appeals and that such a showing may be sufficiently made, in a case where liquor traffic is involved, by proof that one is a taxpayer in the town, in view of the pecuniary effect upon every taxpayer resulting from the incidents of such traffic. Such a distinction recognizes, again, that in liquor traffic there is a possible source of danger to the public which is not inherent in other businesses and that therefore such traffic warrants distinctive and particular treatment." (Internal quotation marks omitted.) Id., 198; see also Alliance Energy Corp. v. PlanningCT Page 2905-bn Zoning Board, 262 Conn. 393, 403 (2003) ("Jolly, Inc. . . . stands for the proposition that when an action taken by a zoning board involves the sale or use of liquor . . . taxpayers are presumed to be classically aggrieved"). A plaintiff may prove aggrievement "by the production of the original documents or certified copies from the record." (Internal quotation marks omitted.) Quarry Knoll II Corp. v. Planning ZoningCommission, 256 Conn. 674, 703, 780 A.2d 1 (2001).
In the present appeal, Hoffman alleges that she is aggrieved because she owns property at 217 Seaver Circle and pays taxes in Bridgeport. (Appeal, ¶ 1.) On September 9, 2002, the court held an evidentiary hearing on the issue of aggrievement and Hoffman offered evidence reflecting her status as a property owner and a taxpayer. (Hoffman's Exh. A, D1, D2, D3, E, F, G.) Martinez argued that the appeal was being instigated and financed by an out-of-town liquor store competitor and that Hoffman was not the real party in interest. In a ruling issued from the bench, the court found that Hoffman is a property owner and a taxpayer of the city of Bridgeport. On the basis of this finding, the court further held, over Martinez's objection, that Hoffman is aggrieved and has standing to appeal the zoning decision under the Supreme Court's decision in Jolly, Inc. v. Zoning Board of Appeals, supra, 237 Conn. 184.
 SCOPE OF REVIEW
Pursuant to General Statutes § 8-6 (a)(3), the zoning board of appeals has the power and duty: "[T]o determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed."
"An adverse decision by the board may be appealed to the Superior Court under General Statutes § 8-8 (b)." R R Pool Patio, Inc.v. Zoning Board of Appeals, 257 Conn. 456, 469, 778 A.2d 62 (2001). "In [zoning] appeals, [t]he Superior Court's scope of review is limited to determining only whether the board's actions were unreasonable, arbitrary or illegal . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are CT Page 2905-bo reasonably supported by the record and whether they are pertinent to the considerations which the [board] was required to apply under the zoning regulations . . . It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.) Cumberland Farms, Inc. v.Groton, 262 Conn. 45, 51 n. 8, 808 A.2d 1107 (2002). Furthermore, "theappealing aggrieved party [must] marshal the evidence in the record, and . . . establish that the decision was not reasonably supported by the record." (Emphasis in original; internal quotation marks omitted.) QuarryKnoll II Corp. v. Planning Zoning Commission, supra, 256 Conn. 716. "The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Internal quotation marks omitted.) Irwin v. Planning Zoning Commission,244 Conn. 619, 629, 711 A.2d 675 (1998).
The Supreme Court has determined that § 8-6, "authorize[s] a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, 233 Conn. 198,207, 658 A.2d 559 (1995). In evaluating a variance petition, the board must hold a "statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts . . . The board is vested with liberal discretion in conducting hearings." (Citation omitted; internal quotation marks omitted.) R R Pool Patio, Inc. v.Zoning Board of Appeals, supra, 257 Conn. 468.
 DISCUSSION
There is no dispute that Martinez's property at 326 Granfield Avenue in Bridgeport is located within 1500 feet of an elementary school. (Appeal ¶ 2, 4.) Martinez's petition sought a variance to permit the establishment of a package liquor store on her property within the 1500 foot regulatory prohibition. (ROR, Item 1(g).) The regulation provides in relevant part: "No use for . . . a package store permit . . . may be located so that an entrance to such use is within a 1,500-foot radius of a Lot containing a church, school, hospital, commercial day care center, or another use requiring a package store permit . . ." Bridgeport Zoning Regs., c. 12, § 12-10 (a). The board granted Martinez's petition because it concluded that the variance would not adversely impact the general area. (ROR, Item 1(g).) The board also stated the following reason in support of its decision: "The existing public school is located CT Page 2905-bp at the outer periphery of the 1,500 distance and is not directly aligned with or that easily accessible with the subject site." (ROR, Item 1(g).)
Hoffman contends that in granting the variance, the board acted illegally and arbitrarily. (Appeal, ¶ 8.)[1] More specifically, Hoffman argues that Martinez failed to prove sufficient legal hardship for a variance to allow a liquor package store within 1500 feet of a public elementary school. (Hoffman's pretrial brief, pp. 4-8.) According to Hoffman, the zoning board abused its discretion in granting the variance because Martinez established nothing more than some generalized convenience to the public if the variance was granted or some economic hardship to Martinez if the variance was denied. (Hoffman's pretrial brief, pp. 2, 6-8.)
In response, Martinez contends that the board has discretion to vary zoning regulations based upon perceived public need. (Martinez's brief, p. 6.) She further asserts that strict adherence to § 12-10 (a) of the zoning regulations has a confiscatory effect and would cause unusual hardship sufficient for a variance. (Martinez's brief, pp. 7-8.)
The court agrees with Hoffman. The record does not substantiate that Martinez demonstrated adequate hardship to the board for a variance of § 12-10 (a).
The evidence Martinez presented to the board in support of her petition was meager and insubstantial. At the public hearing, Martinez's counsel asserted that the board should approve the petition because the neighborhood does not currently have a package store, and the majority of the school children "probably will never even know this establishment is here . . ." (ROR, Item 1(a), pp. 2, 7.) Martinez's counsel also described the property, which is located in a commercial shopping center, as a good location for package store because it would be a "positive upgraded facility for the city of Bridgeport." (ROR, Item 1(a), p. 2.) Other than these representations, the only other reference in the record to an alleged hardship is Martinez's statement in the petition that the proposed establishment would "serve needs of area residents. Low density of liquor stores in the area." (ROR, Item 1(b).) In short, the evidence offered to the board primarily consisted of representations made by the applicant's counsel. Martinez did not provide any evidence to explain how a denial of the petition for a variance would produce "unusual hardship." (ROR, Item 1(a).)
In her brief, Martinez makes two arguments in support of the board's decision. First, she contends that the board has significant discretion to vary zoning regulations based upon public need. According to CT Page 2905-bq Martinez, the board properly exercised its discretion in this case because the property is located just within the 1500 foot prohibition, students would not be in close proximity to the liquor store, and the granting of the petition would not adversely impact the general area. (Martinez's brief, p. 6.)
Although the zoning board's discretion may generally be characterized as being broad, the Supreme Court has emphasized the board's authority to grant variances is limited because such a grant allows an owner to use property in a manner forbidden by the zoning regulations. Thus, "[t]he power of the board to grant a variance should be used only where a situation falls fully within the specified requirements . . . [and] the power to grant a variance should be sparingly exercised." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals, supra,235 Conn. 850, 857, 670 A.2d 1271 (1996); see also Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 206-07.
More specifically, General Statutes § 8-6 governs the zoning board's authority to grant a variance, and as explained often by the Supreme Court, under this statute a variance may only be granted when two requirements are met: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 207. Hence, "the granting of a variance must be reserved for unusual or exceptional circumstances . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Citations omitted; internal quotation marks omitted.) Id., 206-07.
The court declines to address the potential impact of this variance on the comprehensive zoning plan because the parties have limited their briefs to the issue of whether Martinez presented sufficient evidence to the board to demonstrate hardship for a variance. "Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance . . . A mere economic hardship . . . however, is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted.) Id., 207-08. In addition, mere "[d]isappointment in the use of property does not constitute exceptional difficulty or unusual hardship . . ." Jaser v.Zoning Board of Appeals, 43 Conn. App. 545, 548, 684 A.2d 735 (1996), CT Page 2905-br citing Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662,211 A.2d 687 (1995).
There is absolutely nothing in the record to indicate that the application of the zoning regulation to Martinez's property will cause her to suffer some exceptional or unusual hardship that is unique to her and dissimilar to the regulation's general impact on other properties in the area. Additionally, there is nothing in the record indicating that Martinez offered any proof of hardship that may be characterized as being more than a mere economic disappointment. By granting Martinez's petition for a variance without proof of adequate hardship, the court finds that the board abused its discretion.[2]
Martinez's second argument rests upon a generalized claim that the application of the zoning regulation would have a confiscatory effect on her property. (Martinez's pretrial brief, p. 7.) For this claim, Martinez cites Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 153,365 A.2d 387 (1976). In Chevron Oil Co. v. Zoning Board of Appeals, the Supreme Court determined that a practical taking of a property justifying a variance requires that a regulation must "permanently [restrict] the use of land for any reasonable purpose . . ." (Emphasis added.) Id., 151. "Short of regulation which finally restricts the use of property for any reasonable purpose resulting in a `practical confiscation,' the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner." Brecciaroli v. Commissioner of Environmental Protection,168 Conn. 349, 356, 362 A.2d 948 (1975).
According to the record, Martinez did not provide any evidence demonstrating that a failure to grant the variance would permanently restrict the use of her property for any reasonable purpose. Furthermore, there is no evidence in the record to indicate that a denial of the petition will result in any diminution of Martinez's property, and thus, there certainly is no proof of such a substantial diminution to warrant any sort of confiscatory consideration. Indeed, the record indicates that she retains the option to use the property for other commercial purposes allowed in the OR-N zone. (ROR, Item 1(a), p. 1.)
 CONCLUSION
Therefore, for the foregoing reasons, the plaintiff Helena Hoffman's appeal from the defendant Zoning Board of Appeals' decision granting a variance to the defendants, Kathleen Martinez and the Estate of Anna G. CT Page 2905-bs Schwartz to use property as a liquor store is hereby sustained.
So ordered this 27th day of February 2003.
STEVENS, J.