[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT BOARD'S MOTION TO DISMISS
This case involves an appeal from a decision of the zoning board of appeals. The suit papers contained the appeal which was accompanied by a "summons — civil" form, J.D. CV-1, and a "citation." Neither the "citation" nor the "summons — civil" form name the Groton town clerk as an individual to whom the marshal had to serve to begin the suit. However, in an October 18, 2001 return, the state marshal claims he served the suit papers that day on several individuals including a Mr. Cedio, "person in charge authorized to take service for the Groton Town clerk." The defendant Zoning Board of Appeals of the Town of Groton has now moved to dismiss this case pursuant to Practice Book § 10-30 et seq. on the ground that the court lacks subject matter jurisdiction "because the plaintiff failed to name the town clerk of Groton in the citation in violation of CGS § 8-8."
First, it should be noted that as far as questions of subject matter jurisdiction are concerned, appeals from administrative agencies, such as the appeal now before the court, "exist only under statutory authority,"Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356 (1986); and the following statement in Simko is clearly still good law: "We have repeatedly held that statutory appeal provisions are mandatory and jurisdictional in nature and, if not complied with, the appeal is subject to dismissal."
The controlling jurisdictional requirements are set forth in subsection (e) of § 8-8 of the General Statutes:
 "(e) Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a CT Page 11206 true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."
The defendant argues that to comply with this statutory language, "a plaintiff must both name in the citation and serve the clerk of the municipality. See e.g. Gadbois v. Planning Commission, 257 Conn. 604,607-608 (2001); Simko v. Zoning Board of Appeals, 205 Conn. 413, 420
(1987).
The plaintiff responds that Simko is "no longer good law" and the rule set forth in that case has been legislatively overturned byPublic Act 88-79." The per curiam decision ofIlvento v. Frattali, 210 Conn. 432
(1989), is relied upon for the proposition that "the legislature intended that the zoning decisions be heard on their merits and not (be) dismissed for technical defects." The plaintiff at one point goes so far as to say that as § 8-8 (e) indicates the clerk is not a party and "since the clerk is not a party, there is no authority for the proposition that the clerk must be cited." Perhaps recognizing that there is, in fact, no need to go so far, at another point the plaintiff argues that granting the motion would "contradict" the intent of subsection (p) of § 8-8 which says that "the right of a person to appeal a decision of the board to the Superior Court and the procedure prescribed in this section shall be liberally interpreted in any case where strict adherence to these provisions would work a surprise or injustice."
The court will try to discuss the points raised by counsel. The court finds that the cases in this area in light of Simko and the statutory amendments caused by that decision are quite difficult to apply.
In any event, it should be stated that Simko is not dead; its comments about what must be included in a citation apart from whether service is made in a particular case is based on earlier Connecticut case law and cases from several jurisdictions. In Village Creek Homeowners Assn. v.Public Utilities Commission, 148 Conn. 336, 339 (1961), the court cited that case law when it said:
 "The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be CT Page 11207 little more than a deliveryman. . . . The citation is a matter separate and distinct from the sheriffs return and is the important legal fact upon which judgment rests. A proper citation is essential to the validity of the appeal and the jurisdiction of the court. . . . A citation is not synonymous with notice."
 Simko quoted this language at 205 Conn. page 421, and the fact thatSimko is still alive in certain respects is underlined by the fact thatGadbois v. Planning Commission, 257 Conn. 604, 607 (2001), directly quoted this language from Simko with evident approval.[1]
Looking at the statute as a whole, and trying to accommodate the continuing viability of the principle set forth in Village Creek about the necessity of citation and service requires that certain observations be made. Subsection (e) of § 8-8 certainly makes clear that by service on the chairman or clerk of the board and service on the municipal clerk, these individuals are not thereby made parties. But how do you acquire jurisdiction over the board? The way to make "service" on the board. as Village Creek indicates, is to actually cite and serve the individuals just named. The fact that the chairman and clerks of these entities will not thereby be made parties is irrelevant to the separate issue of how to bring the board before the court.
This interpretation of the statute appears to be what Fuller believes is the correct view. In Volume 9A, Connecticut Practice, "Land Use Lawand Practice 2d ed. at § 25.11, p. 23, Fuller says: "The outcome of the changes in the statute and the case law is that only the agency is to be named as a party, but that the citation should direct the sheriff to serve both the municipal clerk and either the chairman or secretary of the agency, and that the person named in the citation must in fact be served with the appeal."
There are two problems, however, that are arguably raised by this analysis.
First, it might be said, this position ignores the criticism leveled against Simko and the legislative desire to address those criticisms expressed by amendments to § 8-8. In fact, the legislature did incorporate two ameliorative provisions into the statute, subsections (p) and (o). The problem is that this case does not fall under their ameliorative purpose. They read as follows:
 "(o) The right of a person to appeal a decision of a CT Page 11208 board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes.
 (p) If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. The provisions of section 52-592
shall not apply to appeals taken under this section."
However, as Judge West pointed out in Republic Realty LLC v. PlanningCommission, 2001 Conn. Super. Lexis 151. these subsections cannot be used to rescue appeals plagued by jurisdictional defects that are due to the plaintiffs own acts of negligence in citing the board or commission. A number of Superior Court decisions . . . have held that jurisdictional defects, due to the plaintiffs own acts and of the magnitude presently before us, cannot be rescued by (these saving provisions) because they go directly to the court's subject matter jurisdiction." As to subsection (o). how can it be said that "strict adherence" to subsection (e) and its service provisions would work "a surprise or injustice," when a plaintiff itself fails to comply with traditional requirements for legal service. As to subsection (p), there can be no claim that the failure to cite the appropriate officials was due to anything else but the plaintiffs failure to include the necessary requests in the citation rather than the result of "unavoidable accident" or the "default or neglect" of the marshal.
The very language of the subsections assumes that defects in service like the one now before the court, but for the operation of the subsections, would deprive the court of the ability (or jurisdiction) to hear the appeal. As said by Spicer in another context "actual delivery of an appeal to a party without direction in the citation to serve the party (is) not service," 212 Conn. at page 379.[2] Since there was not the service here that § 8-8 (e) requires and the savings provisions of subsections (o) and (p) do not apply, the court in this case would not CT Page 11209 appear to have subject matter jurisdiction.
But the plaintiff would argue that there is another problem for the position the court has reached. How does it square with Capalbo v.Planning and Zoning Board of Appeals, 208 Conn. 480 (1988), perhaps portions at least of Spicer v. Zoning Commission, supra, and especiallyIlvento v. Frattali, 210 Conn. 432 (1989).
In Ilvento, the plaintiff failed "to cite the chairman or clerk of the planning and zoning commission as a necessary party but did, in fact, deliver a true and attested copy of the appeal to the chairman of the commission," id. p. 433. The Ilvento court overruled the trial court's dismissal of the case because there was substantial compliance with § 8-28 (a) and the citation of the commission itself ensured adequate notice.
In response to this older case law, it can be observed that the language of Gadbois v. Planning Commission, 257 Conn. 604 (2001), can be taken to overrule these observations. But more to the point is the date of these cases, 1988, 1989. Capalbo, Spicer and Ilvento reached their result by specifically applying an uncodified public act,P.A. 88-79, § 3(a), which is not part of the statutory scheme and was operative only as to a select group of cases taken between October 1, 1985 and December 1, 1987. They all referred to subsection 4 of this savings act passed in response to Simko which validated appeals in this time period where it was found that "the appeal (was) otherwise valid except that the appellant failed to name the clerk of the municipality as a party to the appeal."
As the court said in Spicer. at 217 Conn. page 379:
 "In discussing the fourth condition in Capalbo v. Planning Zoning Board of Appeals, supra, 489, we stated that "[even as amended by Public Acts 1988, No. 88-79, § I, General Statutes § 8-8 (b) still requires the clerk of a municipality to be served with true and attested copies of the appeal [in order to confer upon the court jurisdiction to hear the plaintiffs' appeal]." (Emphasis in original.) In Capalbo, although the plaintiffs failed to name the town clerk in the citation, a copy of their appeal was delivered to him. We stated that although actual delivery of an appeal to a party without direction in the citation to serve that party was not legally `service.' the plaintiffs' appeal was validated underCT Page 11210 the saving statute because the legislature did not intend for appeals from the decisions of the zoning commission to be invalidated for technical defects. Id., 489. Similarly, in Ilvento v. Frattali, 210 Conn. 432
(1989), we held that the appeal was validated under Public Acts 1988, No. 88-79, § 3(a), where the plaintiffs had failed to name the chairman or the clerk of the planning and zoning commission as a necessary party but did, in fact, deliver a true and attested copy of the appeal to the chairman of the commission." (Emphasis added by this court.)
In other words, Spider seems to say that failure to include in the citation a direction to serve the officials under discussion did not constitute legal service although they received a copy of the appeal but
despite that, dismissal was not warranted because of the need to apply a discreet uncodified public act (PA. 88-79, § 3(a)). The Spicer court noted that the Ilvento case took the same position. But the problem for the plaintiff is that the cases it points to relied on a public act which by its very language is limited to cases arising in a certain time period and is clearly not applicable to this case.
To summarize the court's position here, what is presently involved is the issue of what service is required to bring the board within the jurisdiction of the court. Village Creek and Simko define the requirement of service in a general sense as necessitating an appropriate citation — this is an altogether different consideration from whether the purpose of the service is to provide only notice, thus not making the individual officials parties.
This position does not conflict with any of the language in § 8-8
whether one focuses on subsection (e), (o) or (p). In fact, how else is one to explain the very language of subsection (e) which says, "Service of legal process for an appeal under this section shall be directed to a proper officer" who is then to make service in the manner set forth in the statute. The "shall be directed" wording speaks the language of VillageCreek.
The only way the plaintiffs position is logically supportable is to say that, although service on these individuals is required to bring the board before the court, they need not be included in the citation because they are not thereby made parties. But that position does more violence to the statutory language and the teaching of Village Creek which, according to Gadbois, still defines the concept of adequate service. CT Page 11211
Besides, if the plaintiffs position is correct, what purpose do the ameliorative subsections (o) and (p) serve? And if they have no analytical function or use in this case, the issue before the court must be resolved just by examining the language and intent of the service subsection, subsection (e). There is no reason to conclude that the legislature in that subsection sought to change long-standing notions of what legal service means as defined in cases like Village Creek. Certainly, passage of an unmodified public act (§ 88-79, § 3(a) of limited application cannot be the basis for the courts to change concepts of legal service Gadbois itself had no doubt about the viability of its traditional meaning regarding the need to cite and serve. The legislature's concern then with certain types of technicalities as expressed in the public act was short term and limited in scope.
The court must admit that the foregoing reasoning does not address the actual equities of the situation now before the court; a convincing case can be made that they lie with the plaintiff. But to effectuate those equities lies beyond the powers of a trial court. Either § 8-8 must be amended once again or Simko should be finally laid to rest by adopting the reasoning of Justice Shea in that case's dissent or the position taken in the concurring opinion in Ansaldi Co. v. Planning ZoningCommission, 207 Conn. 67, 75 (1988). In any event, this court feels constrained to grant the motion to dismiss.
Corradino, J.