## JOHN FEDUS ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF COLCHESTER
### (SC 17375)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

---

Argued April 13, 2005—officially released June 27, 2006

*Eric H. Rothauser*, with whom were *John L. Bonee III* and, on the brief, *Thomas A. Cunnane, Jr.*, law clerk, for the appellants (plaintiffs).

*Matthew Ranelli*, with whom were *Joseph P. Williams* and, on the brief, *Amy E. Souchuns*, for the appellee (defendant).

PALMER, J. The dispositive issue raised by this appeal is whether the failure to name the clerk of the municipality in the citation of a zoning appeal brought pursuant to General Statutes (Rev. to 2001) § 8-8 (b) and (f), as amended by Public Acts 2001, No. 01-47, § 1 (P.A. 01-47),[1] deprives the court of subject matter jurisdiction over the appeal. The plaintiffs, John Fedus, Mae Fedus, Rose Fedus, Alyce Daggett and Steven Fedus, Jr., appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant, the planning and zoning commission of the town of Colchester (commission), to approve the site plan and special exception applications submitted by the intervening defendant, Colchester Realty, LLC. The

---

[1] General Statutes (Rev. to 2001) § 8-8, as amended by P.A. 01-47, § 1, provides in relevant part: "(b) . . . The appeal [taken pursuant to this section] shall be commenced by service of process in accordance with subsections (f) and (g) of this section . . . .

\* \* \*

"(f) Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.

"(g) Service of process shall also be made on each person who petitioned the board in the proceeding, provided such person's legal rights, duties or privileges were determined therein. However, failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal. If service is not made within fifteen days on a party in the proceeding before the board, the court, on motion of the party or the appellant, shall make such orders of notice of the appeal as are reasonably calculated to notify the party not yet served. If the failure to make service causes prejudice to the board or any party, the court, after hearing, may dismiss the appeal or may make such other orders as are necessary to protect the party prejudiced. . . ."

Unless otherwise specified, all references to § 8-8 in this opinion are to the revision of 2001, as amended by P.A. 01-47, § 1.

plaintiffs claim that the trial court improperly dismissed their appeal for lack of subject matter jurisdiction on the ground that the town clerk had not been named in the appeal citation. We agree and, accordingly, reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of the plaintiffs' claims. On September 16, 2002, the plaintiffs appealed from the commission's decision to approve the site plan and special exception applications submitted by Colchester Realty, LLC. The appeal citation directed any proper officer "to summon the [commission] to appear before the Superior Court . . . to answer unto the [plaintiffs'] complaint . . . by leaving with or at the usual place of abode of the chairman or clerk of that [commission] . . . a true and attested copy of the complaint and of this citation . . . ." In accordance with the citation, the state marshal served a true and attested copy on the chairman of the commission at his usual place of abode. Although the appeal citation did not direct the state marshal to serve a copy of the appeal on the clerk of the town of Colchester in accordance with the requirement of § 8-8 (f), the state marshal did, in fact, serve a true and attested copy on the town clerk.[2]

On January 28, 2004, following a trial on the merits, the trial court, sua sponte, dismissed the plaintiffs' appeal for lack of subject matter jurisdiction due solely to the fact that the town clerk had not been named in the citation. In dismissing the plaintiffs' appeal, the trial court relied primarily on *Gadbois* v. *Planning Commission*, 257 Conn. 604, 608–609, 778 A.2d 896 (2001), in which this court held that the failure to serve the town clerk as required by § 8-8 deprived the trial court of

---

[2] The state marshal's return of service dated September 9, 2002, stated that, "by direction of the [plaintiffs'] attorney, I left a true and attested copy of the . . . appeal . . . recognizance, bond, and citation with and in the hands of Nancy Bray, town clerk, town of Colchester . . . ."

subject matter jurisdiction and, therefore, required dismissal of the appeal. The plaintiffs thereafter filed a motion for reconsideration, reargument and for leave to amend the citation, which the trial court denied. The Appellate Court subsequently granted the plaintiffs' petition for certification to appeal from the trial court's judgment, and we transferred the appeal from the Appellate Court to this court pursuant to General Statutes § 51-199 and Practice Book § 65-1.

On appeal, the plaintiffs claim that service of process was sufficient for purposes of § 8-8 (f) because, in the present case, in contrast to *Gadbois*, the town clerk actually was served despite the defective citation. The plaintiffs further claim that, to the extent that the citation was not executed properly, the defect did not implicate the subject matter jurisdiction of the court. We agree with the plaintiffs that the failure to name the town clerk in the citation to their appeal did not deprive the trial court of subject matter jurisdiction over the appeal.

As a threshold matter, we address our standard of review. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Nine State Street, LLC* v. *Planning & Zoning Commission*, 270 Conn. 42, 45, 850 A.2d 1032 (2004). "Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

"The issue before this court involves a question of statutory interpretation that also requires our plenary review. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Citations omitted; internal quotation marks omitted.) *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 7, 882 A.2d 597 (2005).

We also note that, with respect to administrative appeals generally, "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created . . . and can be acquired and exercised only in the manner prescribed. . . . In the absence of statutory authority, therefore, there is no right of appeal from [an agency's] decision . . . ." (Internal quotation marks omitted.) *Nine State*

*Street, LLC* v. *Planning & Zoning Commission*, supra, 270 Conn. 46.

With these principles in mind, we turn to the governing statutory provision in the present case, namely, § 8-8. General Statutes (Rev. to 2001) § 8-8 (b), as amended by P.A. 01-47, § 1, provides in relevant part: "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections (f) and (g) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. . . ." General Statutes (Rev. to 2001) § 8-8 (f), as amended by P.A. 01-47, § 1, provides: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."[3]

---

[3] We note the current version of § 8-8 (f) now provides in relevant part: "Service of process for an appeal under this section shall be directed to a proper officer and shall be made as follows:

"(1) For any appeal taken before October 1, 2004, process shall be served by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal.

"(2) For any appeal taken on or after October 1, 2004, process shall be served in accordance with subdivision (5) of subsection (b) of section 52-57. Such service shall be for the purpose of providing legal notice of the

Section 8-8 does not specify what form the citation in a zoning appeal must take, nor does it indicate whether a defective citation deprives the court of subject matter jurisdiction over the appeal. Moreover, the relationship of § 8-8 to other statutes does not illuminate our inquiry with respect to either of those issues. Accordingly, we turn to extratextual sources for interpretative guidance, including the legislative history and genealogy of § 8-8, and the circumstances surrounding its enactment. The appropriate starting point for our inquiry is *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), aff'd on reh'g en banc, 206 Conn. 374, 538 A.2d 202 (1988),[4] a case in which this court addressed precisely the same issue that is raised by the present appeal, albeit under a prior version of § 8-8, namely, General Statutes (Rev. to 1987) § 8-8.[5]

The facts of *Simko* are identical in all material respects to the facts of the present appeal. In *Simko*,

appeal to the board and shall not thereby make the clerk of the municipality or the chairman or clerk of the board a necessary party to the appeal." General Statutes (Rev. to 2005) § 8-8 (f).

General Statutes § 52-57 (b) provides in relevant part: "Process in civil actions against the following-described classes of defendants shall be served as follows . . . (5) against a board, commission, department or agency of a town, city or borough, notwithstanding any provision of law, upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk and the clerk shall retain one copy and forward the second copy to the board, commission, department or agency . . . ."

[4] In *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*), this court, upon reconsideration en banc, affirmed its earlier decision in *Simko I*.

When we refer to *Simko* throughout this opinion, we are referring to our decisions in *Simko I* and *Simko II* collectively.

[5] General Statutes (Rev. to 1987) § 8-8 (b) provides in relevant part: "Notice of [the] appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of [the] board, and by serving a true and attested copy upon the clerk of the municipality. . . ."

the named plaintiff, Jeannette S. Simko,[6] served the clerk of the town of Fairfield with a copy of the summons and complaint, but the town clerk was not named in the citation of the summons. *Simko I*, supra, 205 Conn. 415. In *Simko I*, we framed the issue before us as follows: "The issue . . . [is] whether the failure to cite the clerk of the municipality constitutes a jurisdictional defect rendering the appeal subject to dismissal." Id., 419. We considered that issue as implicating two subissues: first, whether, under the 1987 revision to § 8-8, the legislature intended for the town clerk to be a necessary party to a zoning appeal, and, second, if so, whether the failure to name the town clerk in the appeal citation was a defect that deprived the court of subject matter jurisdiction. We answered the question posed by the first subissue in the affirmative, rejecting Simko's claim that the town clerk was the equivalent of an agent of service and concluding, instead, that the clerk was "a statutorily mandated, necessary party to a zoning appeal."[7] Id., 418.

---

[6] Valerie Varga also was a plaintiff in *Simko*. In the interest of simplicity, we refer only to Simko.

[7] We note that, prior to October 1, 1985, § 8-8 (b) required service *either* on the chairman or clerk of the zoning board *or* on the town clerk. In 1985, the legislature amended General Statutes (Rev. to 1985) § 8-8 (b) to require service on the chairman or clerk of the board *and* on the town clerk. See Public Acts 1985, No. 85-284, § 3. Despite comments by the sponsor of that amendment indicating that the purpose of the change merely was to assure that the board received timely notice of the appeal; 28 H.R. Proc., Pt. 13, 1985 Sess., pp. 4773–74, remarks of Representative Vincent J. Chase; we concluded in *Simko I* that the 1985 amendment reflected an intent by the legislature to make the town clerk a necessary party to the appeal. Justice Shea, in dissent, disagreed with the majority's analysis, explaining that the legislative history of the 1985 amendment "indicate[s] that the purpose of the amendment was to ensure that notice of the appeal would always be received in hand by a town official who is ordinarily available at the town office building and thus to avoid the uncertainties of abode service upon a part-time chairman or clerk of a zoning board, who may be absent for a considerable period of time after notice of an appeal has been delivered to his residence." *Simko I*, supra, 205 Conn. 422 (*Shea, J.*, dissenting).

With respect to the second subissue, we concluded that the defective citation deprived the trial court of subject matter jurisdiction over the appeal. Id., 419, 421. In support of that conclusion, we explained that, "[a]though this issue ha[d] not been addressed in connection with [General Statutes (Rev. to 1987)] § 8-8 (b), the courts of this state have consistently held that, in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal even whe[n], as [in *Simko*], that party was served or provided with copies of the appeal papers." Id., 419–20.

We explained the reason for this rule as twofold. First, we noted the "unique statutory nature" of administrative appeals; id., 420; which, as we previously had observed, "may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [S]tatutory appeal provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Id., 419. The second reason for the rule, we explained, stems from the "character of the citation." Id., 420. "A citation is a writ issued out of a [c]ourt of competent jurisdiction commanding a person therein named to appear on a day named to do something therein mentioned. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be little more than a deliveryman. . . . [Additionally, the] citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . . [Thus, a] proper citation is essential to the validity of the appeal and the jurisdiction of the court. . . . A citation is not synonymous with

notice." (Citations omitted; internal quotation marks omitted.) Id.

In accordance with this analysis, we concluded that, "[b]ecause of the failure to name the clerk of the municipality in the citation, the sheriff had no authority to command the clerk's appearance for any purpose. Therefore, contrary to [Simko's] claim, the delivery to the clerk of the papers comprising the appeal was of no legal significance." Id., 421. Accordingly, we held "that the failure to name a statutorily mandated, necessary party in the citation is a jurisdictional defect which renders the administrative appeal subject to dismissal." Id.

In *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*), an en banc panel of this court upheld our earlier decision in *Simko I*. In doing so, we reiterated that the town clerk was a necessary party to the zoning appeal and not merely the equivalent of an agent of service. See id., 378. We explained: "[General Statutes (Rev. to 1987)] § 8-8 (b) does not say that the notice of such appeal shall be given to the zoning board by serving or leaving true and attested copies of the appeal with the chairman or clerk of the board and the clerk of the municipality. Language to that effect would undoubtedly have made the clerk of the municipality the mere agent for service for the board. To construe [the statute] in such a manner, however, would be to impose on the statute a meaning that is not even remotely intimated by its literal reading." Id.

We then proceeded to explain why it was reasonable for the legislature to make town clerks necessary parties to zoning appeals; see id., 380–82; and, thereafter, summarily reaffirmed the reasoning that we had employed in *Simko I* to support the conclusion that "the failure properly to cite and serve the clerk of the

municipality as required by [General Statutes (Rev. to 1987)] § 8-8 (b) is a jurisdictional defect that renders a zoning appeal subject to dismissal." Id., 383.

Justice Shea, along with Justice Covello, dissented in *Simko II*. In Justice Shea's view, the legislature never intended for the clerk of the municipality to be a necessary party to the appeal. See id., 386 (*Shea, J.*, dissenting). According to Justice Shea, the purpose for requiring service on the clerk merely was to ensure that the board would receive proper notice of the appeal. Id., 385 (*Shea, J.*, dissenting). Justice Shea concluded that, because the town clerk was not a necessary party to the appeal but, rather, an agent for service on the zoning board, the defective citation was not a jurisdictional bar to the appeal when, as in *Simko*, the town clerk actually had been served with a copy of the appeal. Id., 387–90 (*Shea, J.*, dissenting); see also id., 387 (*Shea, J.*, dissenting) ("[a]lthough a citation must name all necessary parties, it does not require a person upon whom service must be made to be named as a party simply because he is a statutory agent for service upon a party commanded to appear by the citation").

In "direct response to our decision[s]" in *Simko*; *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 202, 676 A.2d 831 (1996); the legislature amended General Statutes (Rev. to 1987) § 8-8 (b); see Public Acts 1988, No. 88-79, § 1 (P.A. 88-79);[8] "clearly indicat[ing] [its] disagreement with our interpretation" of that provision. *Jolly, Inc.* v. *Zoning Board of Appeals*, supra,

---

[8] General Statutes (Rev. to 1987) § 8-8 (b), as amended by P.A. 88-79, § 1, provides in relevant part: "Notice of [the] appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality, provided service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal. . . ."

202; see also *Demar* v. *Open Space & Conservation Commission*, 211 Conn. 416, 422, 559 A.2d 1103 (1989) (legislature "effectively overruled" *Simko* decisions); *Schwartz* v. *Planning & Zoning Commission*, 208 Conn. 146, 151 n.5, 543 A.2d 1339 (1988) (legislature amended General Statutes [Rev. to 1987] § 8-8 [b] "specifically in response to this court's rulings in *Simko I* and *Simko II*"). The legislature manifested that disagreement by amending General Statutes (Rev. to 1987) § 8-8 (b) to provide, inter alia, that "service upon the clerk of the municipality shall be for the purpose of *providing additional notice of [the] appeal to [the] board* and *shall not thereby make such clerk a necessary party to such appeal.*" (Emphasis added.) General Statutes (Rev. to 1987) § 8-8 (b), as amended by P.A. 88-79, § 1. By this amendment, the legislature indicated that, contrary to our conclusion in *Simko*, service of the appeal on the town clerk is not for the purpose of making the town clerk a necessary party to the appeal but, rather, to provide the board with additional notice of the appeal.

In view of the fact that our conclusion in *Simko*— that is, that the failure to name the town clerk in the citation deprived the court of subject matter jurisdiction over the appeal—was predicated on the underlying premise that the town clerk must be named in the citation because the town clerk is a necessary party to the appeal; see *Simko I*, supra, 205 Conn. 421 ("we hold that the *failure to name a statutorily mandated, necessary party in the citation* is a jurisdictional defect which renders the administrative appeal subject to dismissal" [emphasis added]); see also id., 419–20 ("the failure to include *the name of a necessary party or defendant in the citation* is a jurisdictional defect that renders the appeal subject to dismissal even whe[n] . . . that party was served or provided with copies of the appeal papers" [emphasis added]); it is reasonable to presume that, by rejecting that underlying premise, the legisla-

ture also was expressing its disapproval of our conclusion that the defective citation in *Simko* implicated the court's subject matter jurisdiction. To be more precise, our holdings in *Simko* were premised on the threshold determination that, due to the fact that the town clerk was a necessary party who had to be summoned into court, an appeal citation that failed to name the town clerk deprived the court of subject matter jurisdiction over the appeal because, as a result of the defective citation, the sheriff lacked the authority "to command the clerk's appearance for any purpose." Id., 421. When the legislature amended General Statutes (Rev. to 1987) § 8-8 (b) to make it clear that the town clerk was not a necessary party who had to be summoned into court, it evinced an intent to overrule our conclusion in *Simko* that the failure to name the town clerk in the citation as a necessary party was a jurisdictional defect requiring dismissal of the appeal.[9]

---

[9] Indeed, we noted in *Simko II* that, if the pre-1988 amendment version of § 8-8 (b) had stated that "notice of [the] appeal shall be given to the zoning board by serving or leaving true and attested copies of the appeal with the chairman or clerk of the board and the clerk of the municipality"; *Simko II*, supra, 206 Conn. 378; such language "undoubtedly [would] have made the clerk of the municipality the mere agent for service for the board." Id. In those circumstances, Simko's zoning appeal would not have been subject to dismissal because a citation that fails to name a statutory agent for service, in contrast to a citation that fails to name a necessary party, is not a defect that implicates subject matter jurisdiction. The court then reiterated, however, that the language of General Statutes (Rev. to 1987) § 8-8 (b) could not be construed to treat the town clerk as the board's agent for service, and, therefore, the legislature must have intended for the clerk to be a necessary party. See *Simko II*, supra, 378. Indeed, the court expressly distinguished General Statutes (Rev. to 1987) § 8-8 (b) from other statutes identifying agents for service of process, observing that those other statutes "clearly designate the real party in interest and unequivo[cally] delineate that the person named to receive process is merely doing so on behalf of the real party in interest." *Simko II*, supra, 382 n.9. It is significant, however, that the legislature, in its 1988 amendment to General Statutes (Rev. to 1987) § 8-8 (b), used the very language that this court had used in *Simko II* as exemplifying the wording that the legislature would have employed if, prior to 1988, the legislature had intended for the town clerk to be the board's agent for service rather than a necessary party to the appeal.

The pertinent legislative history of the 1988 amendment to § 8-8 (b) offers further support for the conclusion that the amendment was intended to alleviate the perceived harshness of the result in *Simko*. In particular, Senator Anthony V. Avallone, the sponsor of the bill that contained the 1988 amendment to General Statutes (Rev. to 1987) § 8-8 (b), characterized the relevant portion of the bill as follows: "The first portion of this bill makes it clear prospectively, and it is effective on passage, if in fact it is passed and signed, that the [t]own [c]lerk is clearly not a party to one of these actions, and that the [t]own [c]lerk is, in actuality, a statutory agent for service for the municipality."[10] 31 S. Proc., Pt. 4, 1988 Sess., p. 1119. In describing the amendatory language in this manner, Senator Avallone was expressing the legislature's preference for the construction of § 8-8 (b) that the majority had rejected in *Simko* and that Justice Shea had embraced in his dissent in that case.[11]

[10] Another portion of that act; see P.A. 88-79, § 3; contained a provision that retroactively validated a large category of appeals otherwise subject to dismissal under *Simko*. See footnote 19 of this opinion.

[11] We note that the amendatory language of P.A. 88-79, § 1, did not specify whether the clerk of the municipality must be named in the citation to direct proper service by the sheriff. When Senator Avallone was questioned, however, as to whether appeals that failed to cite the clerk for such a purpose also were to be retroactively validated under P.A. 88-79, § 3; see footnotes 10 and 19 of this opinion; he responded in the negative. See 31 S. Proc., supra, pp. 1121–22. Senator Avallone explained: "In any action [in which] the [t]own [c]lerk was not named as a party in either the initial form that we have for filing these particular cases, nor was the [t]own [c]lerk made a party in the complaint section, where allegations are made as to some improper activity by the [t]own [c]lerk, and further, where the citation or summons, that is *that portion of the writ which orders the [s]heriff to go out and make service* . . . .

"If the [t]own [c]lerk is not named in all three of those, the name is absent, then those cases are not validated. *In cases [in which] the only place where the [t]own [c]lerk is cited is in the citation portion or the summons portion, then those cases are subject to validation* in accordance with what I have already put on the record." (Emphasis added.) Id., p. 1122.

Senator Avallone's response indicated that the legislature did not intend for the validating provisions of P.A. 88-79, § 3, to be applied unless the clerk was named in the citation, thus implying that all appeals taken pursuant to

The following year, the legislature enacted Public Acts 1989, No. 89-356, § 1 (P.A. 89-356),[12] which reorganized General Statutes (Rev. to 1989) § 8-8 and added several new provisions. With respect to service of process, the statute was amended to provide that service on the chairman or clerk of the board shall be for the purpose of giving legal notice to the board and shall not make the chairman or clerk of the board a necessary party to the appeal. See P.A. 89-356, § 1.[13] In addition, the language of the service of process provision was changed to provide that service shall be made by "leaving" a copy with the chairman or clerk of the board and the town clerk instead of "serving" a copy on those officials. Id. In making these changes, the legislature made it clear that the chairman of the board and the clerk of the board, like the clerk of the municipality, are merely agents for service and not necessary parties to the appeal.

Two other provisions of P.A. 89-356, § 1, which are now codified as amended at subsections (p) and (q) of

the statute must name the clerk in the citation to direct proper service by the sheriff. Senator Avallone did not explain, however, whether such a defect was jurisdictional.

[12] Public Act 89-356, § 1, provides in relevant part: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."

Section 2 of P.A. 89-356, which applies to planning commissions, provides in relevant part that "[a]ny appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8, as amended by section 1 of this act."

[13] The provision in P.A. 89-356, § 1, pertaining to service of process was codified at General Statutes (Rev. to 1991) § 8-8 (e). Section 8-8 subsequently was reorganized, and the service of process provision now is codified as amended at subsection (f) of § 8-8.

General Statutes (Rev. to 2005) § 8-8, also support the plaintiffs' contention that their failure to name the town clerk in the citation to their appeal does not deprive the trial court of subject matter jurisdiction over the appeal. General Statutes (Rev. to 2005) § 8-8 (p) provides: "The right of a person to appeal a decision of a board to the Superior Court and the procedure prescribed in this section shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes." General Statutes (Rev. to 2005) § 8-8 (q) provides in relevant part: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. . . ." Subsection (p) is especially pertinent to the issue raised by this appeal.

As we recently have explained, "[t]raditionally, the failure to comply strictly with the provisions of § 8-8 (b) rendered a zoning appeal subject to dismissal.[14] . . . In 1989, however, the legislature amended [General Statutes (Rev. to 1989)] § 8-8 to include the 'savings provisions' of . . . [subsections] (p) and (q). . . . [These provisions] were intended to provide 'a greater measure of fairness' to persons seeking to appeal from

---

[14] Indeed, as we previously have noted, the court in *Simko I* relied on this principle of strict compliance in concluding that the defective citation in that case implicated the court's subject matter jurisdiction. See *Simko I*, supra, 205 Conn. 419–20.

the decisions of local zoning commissions and boards of appeal." (Citations omitted.) *Nine State Street, LLC v. Planning & Zoning Commission,* supra, 270 Conn. 47–48. We further recognized that the legislature amended General Statutes (Rev. to 1989) § 8-8 in 1989 "after our decisions in the *Simko* cases, precisely because of its concern that an overly strict adherence to the provisions of . . . [subsection] (b) . . . would result in unnecessary unfairness." Id., 54 n.8. Thus, we have concluded that, "[i]n light of this legislative intent, and in light of the . . . clear directive [of subsection (p)] that '[t]he appeal shall be considered to be a civil action' . . . the timeliness of a zoning appeal may be informed by principles applicable to the timeliness of civil actions generally." (Citation omitted.) Id., 48.

We see no reason why a technical deficiency in the citation to a zoning appeal should not be treated similarly, especially in view of the language of subsection (p) that, except as otherwise expressly required by § 8-8 or by the rules of practice, "pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."[15] General Statutes (Rev. to 2005) § 8-8 (p). As we have observed: "Centuries ago the common law courts of England . . . insisted upon rigid adherence to the prescribed forms of action, resulting in the defeat of many suits for technical faults rather than upon their merits. Some of that ancient jurisprudence migrated to this country . . . and has affected the development of procedural law in this state. . . . [H]owever, our legislature enacted numerous procedural reforms applicable to ordinary civil actions that

[15] Our conclusion in this regard is buttressed by the requirement of General Statutes (Rev. to 2005) § 8-8 (p) that the rights of persons appealing from the decision of a zoning board to the Superior Court, as well as the procedures prescribed by § 8-8, are to be "liberally interpreted" when "strict adherence" to the provisions of that section "would work surprise or injustice."

are designed to ameliorate the consequences of many deviations from the prescribed norm . . . [that] result largely from the fallibility of the legal profession, in order generally to provide errant parties with an opportunity for cases to be resolved on their merits rather than dismissed for some technical flaw." (Internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 664–65, 707 A.2d 281 (1998), quoting *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 75–76, 540 A.2d 59 (1988) (*Shea, J.*, concurring); see also *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 623–24, 642 A.2d 1186 (1994) ("[o]ver-technical formal requirements have ever been a problem of the common law, leading [the legislature] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection" [internal quotation marks omitted]). For example, General Statutes § 52-72[16] requires the trial court to allow a proper amendment to defective process. See *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 625–26. "Connecticut law repeatedly has expressed a policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court. *Coppola* v. *Coppola*, [supra, 665]; *Snow* v. *Calise*, 174 Conn. 567, 574, 392 A.2d 440 (1978). [Thus] [o]ur prac-

---

[16] General Statutes § 52-72 provides: "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form.

"(c) If the court, on motion and after hearing, finds that the parties had notice of the pendency of the action and their rights have not been prejudiced or affected by reason of the defect, any attachment made by the original service and the rights under any lis pendens shall be preserved and continued from the date of service of the original process as though the original process had been in proper form. A certified copy of the finding shall be attached to and served with the amended process."

tice does not favor the termination of proceedings without a determination of the merits of the controversy whe[n] that can be brought about with due regard to necessary rules of procedure. *Greco* v. *Keenan*, 115 Conn. 704, 705, 161 A. 100 [1932]. *Johnson* v. *Zoning Board of Appeals*, 166 Conn. 102, 111, 347 A.2d 53 (1974); see *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 400, 655 A.2d 759 (1995) (claim of lack of subject matter jurisdiction). For that reason, [a] trial court should make every effort to adjudicate the substantive controversy before it . . . and, whe[n] practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal. *Killingly* v. *Connecticut Siting Council*, 220 Conn. 516, 522, 600 A.2d 752 (1991)." (Internal quotation marks omitted.) *Egri* v. *Foisie*, 83 Conn. App. 243, 249, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). The language of P.A. 89-356, § 1, signaled the preference of the legislature that zoning appeals, like civil actions, shall be treated with sufficient liberality such that technical or procedural deficiencies in the appeal do not deprive the court of subject matter jurisdiction over the appeal.[17]

---

[17] We note that, in 1989, the legislature amended General Statutes (Rev. to 1989) § 8-8, to provide that the "failure to make service within fifteen days *on parties other than the board* shall not deprive the court of jurisdiction over the appeal." (Emphasis added.) P.A. 89-356, § 1, codified at General Statutes (Rev. to 1991) § 8-8 (f). In light of the language of this provision, which now is codified at General Statutes (Rev. to 2005) § 8-8 (g), it is evident, albeit by implication, that the failure to make timely service on the *board does* deprive the court of subject matter jurisdiction over the appeal. By including that provision, the legislature has evinced an intent that zoning appeals, in contrast to other civil actions, are subject to dismissal on jurisdictional grounds if the party filing the appeal has failed to serve the board in a timely manner. See General Statutes (Rev. to 2005) § 8-8 (p) ("[t]he appeal shall be considered a civil action and, *except as otherwise required by this section* or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes" [emphasis added]). Thus, subject to any applicable savings provision, such as General Statutes (Rev. to 2005) § 8-8 (q) (saving certain appeals that are subject to dismissal because of

We note, finally, that the legislative history of P.A. 89-356, § 1, like the language of that amendment, provides strong evidence that the legislature was seeking to address what many perceived as the undue harshness of our holdings in *Simko* and its progeny. See, e.g., 32 H.R. Proc., Pt. 25, 1989 Sess., p. 8802, remarks of Representative William L. Wollenberg ("I think if this [c]hamber will recall, we had quite a go around with . . . *Simko* . . . last year to try to correct some of the things that the Supreme Court [did] which we felt were in error. This [proposed legislation] . . . take[s] care of those incidents. There has been in this field an easing of burdens as far as going forward in [appeals], a more liberal view of these things, [which] is encompassed in this [proposed legislation]."); see also Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 1989 Sess., p. 2060, remarks of Attorney Alan M. Kosloff ("As a result of the *Simko* decisions . . . courts were suddenly flooded with *Simko*-based motions to dismiss.

insufficient service or return of legal process due either to unavoidable accident or to default or neglect of officer to whom it was committed, or for any other matter of form), or General Statutes § 52-593a (a) (saving certain administrative appeals which otherwise would be subject to dismissal due to "the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided by law, within thirty days of the delivery"), General Statutes (Rev. to 2005) § 8-8 (g) requires dismissal of the appeal in the event of a total "failure to make service" on the board. Cf. *Gadbois* v. *Planning Commission*, supra, 257 Conn. 607–608 (failure to serve town clerk as required by § 8-8 is defect that deprives court of jurisdiction over zoning appeal). General Statutes (Rev. to 2005) § 8-8 does not indicate, however, that noncompliance with its provisions implicates the jurisdiction of the court. The absence of such language is further evidence of the legislature's intent that only a total failure to serve the board, and not lesser defects, deprives the court of jurisdiction over the appeal. In other words, we may presume that, if the legislature had intended for other service defects to be jurisdictional, it would have expressed that intent as it did in General Statutes (Rev. to 2005) § 8-8 (g). See, e.g., *Stitzer* v. *Rinaldi's Restaurant*, 211 Conn. 116, 119, 557 A.2d 1256 (1989) (legislature knows how to use limiting terms when it chooses to do so).

When the *Simko* decisions were widely criticized by the entire legal community, the legislature promptly responded with [P.A.] 88-79. Public Act 88-79 cured the failure to join the town clerk as a necessary party to a zoning appeal. It clarified for the court[s] [that] technically perfect service and citation are not jurisdictional essentials to zoning appeals."); Conn. Joint Standing Committee Hearings, supra, p. 2113, statement of David L. Hemond, senior attorney, Connecticut law revision commission ("[The proposed legislation] represents a recommendation of the [l]aw [r]evision [c]ommission to revise the law concerning local administrative appeals. The [proposed legislation] addresses the tendency of recent judicial decisions to restrict the appeal procedure from decisions of zoning and planning commissions and from zoning boards of appeals, thereby resulting in dismissals prior to a hearing on the merits. . . . While the problem was addressed in part by [P.A.] 88-79, the tendency of the court to issue restrictive interpretations—because these appeals are a creature of statute—and the opportunity for procedural errors resulting in inappropriate dismissals of appeals still remain. Public policy should allow a hearing on the merits for good faith appellants who make reasonable efforts to comply with the statutory guidelines. The proposed [legislation] should increase the likelihood of an appellant receiving that hearing on the merits." [Citations omitted.]). These remarks represent the view, widely held in the legislature and in the legal community, that our decisions in *Simko* were predicated on an unnecessarily restrictive interpretation of General Statutes (Rev. to 1987) § 8-8.[18]

---

[18] As we previously have observed in a case involving certain amendments to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., "[t]his line of criticism of our prior jurisprudence [concerning administrative appeals generally] echoes [the comments made by] Justice . . . Shea of this court [in the context of a zoning appeal]: 'I believe this court took the wrong course many years ago when [it] began to treat virtually every deviation from the statutory norm as a defect that deprives a court of subject matter jurisdiction and thus to be unwaivable by the parties or

Nevertheless, several decisions of this court issued after the 1988 and 1989 amendments suggested in dicta that failure to name the clerk in the citation for the purpose of directing proper service by the sheriff would deprive the court of subject matter jurisdiction. One such case, *Capalbo* v. *Planning & Zoning Board of Appeals*, 208 Conn. 480, 547 A.2d 528 (1988), involved P.A. 88-79, § 3,[19] which retroactively had validated certain appeals that were subject to dismissal pursuant to our holdings in *Simko*.[20] In *Capalbo*, as in the present case, the clerk of the municipality was served with process but was not named in the citation. *Capalbo* v. *Planning & Zoning Board of Appeals*, supra, 485. After examining the circumstances surrounding the statute's enactment, we concluded that "[t]he legislative history of the validating act reflects its overarching purpose of ensuring a hearing and decision on the merits for zoning appeals otherwise subject to dismissal on *Simko* grounds." Id., 486–87; see also *Ilvento* v. *Frattali*, 210

subject to such considerations as lack of prejudice that are applied in other proceedings. We have been traveling down this path for too long, however, to turn back at this late time without some legislative direction . . . . Consequently, [as] much as I deplore the jurisprudential path we have taken, I am constrained to continue upon it until such time as we may be directed otherwise by legislative authority.' *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, [supra, 207 Conn. 75–76] (*Shea, J.*, concurring) . . . ." (Citation omitted.) *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 30–31 n.10, 621 A.2d 719 (1993). We also stated, with respect to certain amendments to UAPA, that we "believe[d] that, by [virtue of those amendments], the legislature intended to heed these pleas for greater simplicity and fairness in the administrative appeal process." Id. Our comments in *Tolly* are equally applicable to the criticism of and legislative response to *Simko*.

[19] Public Act 88-79, § 3, provides in relevant part: "Any appeal of a decision of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals taken on or after October 1, 1985 and prior to December 1, 1987 in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking such appeal failed to name the clerk of the municipality as a party to the appeal in the appeal citation, is validated. . . ."

[20] We note that *Capalbo* was decided after the passage of P.A. 88-79 but before the passage of P.A. 89-356.

Conn. 432, 434, 555 A.2d 985 (1989) ("[t]he legislature, [in enacting P.A.] 88-79 . . . in response to our decisions in *Simko* . . . clearly expressed an intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service" [citations omitted]). We therefore construed P.A. 88-79, § 3, broadly to encompass, for appeals brought during the stipulated grace period, those appeals in which the plaintiff had failed to name the clerk of the municipality as a party to the appeal and those in which the plaintiff had failed to name the clerk for the purpose of directing proper service by the sheriff. See *Capalbo* v. *Planning & Zoning Board of Appeals*, supra, 489. At the same time, however, we stated, in dictum, that General Statutes (Rev. to 1987) § 8-8 (b), as amended by P.A. 88-79, § 1, "still requires the clerk of a municipality to be served with true and attested copies of the appeal. Actual delivery of a copy of the appeal by the sheriff to the town clerk . . . *is of no legal effect if there is no direction in the citation to serve the clerk.* . . . Because the question is jurisdictional, we must resolve the validity of [the] citation under the saving act . . . ." (Citations omitted; emphasis altered.) Id. Our observation would suggest that, despite the language of P.A. 88-79, § 1, clarifying that, prospectively, the town clerk was not a necessary party to appeal but, rather, an agent for service for the board, a failure to name the clerk in the citation implicated the jurisdiction of the court to entertain the appeal.

We made a similar observation in *Spicer* v. *Noank Fire District Zoning Commission*, 212 Conn. 375, 562 A.2d 21 (1989). In that case, the municipal clerk of the fire district was neither named in the citation nor served with a copy of the appeal. Id., 377. The plaintiffs in *Spicer* argued that the appeal was saved by the validating act, but we disagreed on the ground that the plain-

tiffs never served the clerk with a copy of the appeal. Id., 380. In reaching that conclusion, we again noted that "the plaintiffs were required to cite and serve the clerk" to satisfy the requirements of General Statutes (Rev. to 1989) § 8-8 (b). Id., 380 n.6.

Finally, in *Gadbois* v. *Planning Commission*, supra, 257 Conn. 604, we upheld the trial court's dismissal of a zoning appeal on subject matter jurisdiction grounds because, although the plaintiffs in that case had served the chairperson of the planning commission, they had failed to serve the clerk of the town of East Lyme, who was not named in the appeal citation. Id., 606–607, 609. Although we predicated our holding on the fact that the town clerk had not been served, we echoed our statement in *Simko I* that a "proper citation is essential to the validity of the appeal and the jurisdiction of the court." (Internal quotation marks omitted.) Id., 607, quoting *Simko I*, supra, 205 Conn. 420. We suggested, in dictum, that proper service of process requires that the town clerk be named in the citation for delivery to be legally effective, and that the failure to do so is a defect that deprives the court of subject matter jurisdiction, even when actual service has been made. See *Gadbois* v. *Planning Commission*, supra, 607.

As a result of the aforementioned language in *Capalbo*, *Spicer* and *Gadbois*, there has been considerable disagreement among trial courts as to whether technical defects in the service of process made in connection with appeals brought pursuant to § 8-8 implicate a court's jurisdiction over the appeal, despite the apparent attempt by the legislature, following *Simko*, to liberalize the manner in which such defects are treated. Compare *Polinsky* v. *Zoning Board of Appeals*, Superior Court, judicial district of New London, Docket No. CV-02-0562213-S (June 17, 2003) (failure to name clerk of municipality in citation deemed jurisdictional defect), and *Lamphere* v. *Zoning Board*

*of Appeals*, Superior Court, judicial district of New London, Docket No. 560354 (August 30, 2002) (33 Conn. L. Rptr. 94) (same), with *Allard* v. *Zoning Board of Appeals*, Superior Court, judicial district of New London, Docket No. 553545 (April 12, 2001) (failure to name clerk of municipality is not jurisdictional defect), and *Miller* v. *Zoning Board of Appeals*, Superior Court, judicial district of Tolland at Rockville, Docket No. CV-92-50955 S (November 5, 1992) ("[a]ppeals from zoning authorities should not be invalidated for technical defects in service"). We therefore take this opportunity to clarify that, contrary to our dicta in *Capalbo*, *Spicer* and *Gadbois*, courts are not deprived of subject matter jurisdiction over appeals filed under § 8-8 merely because of technical defects in the service of process, including defects in the appeal citation. In other words, for such purposes, zoning appeals shall be treated in the same manner as civil actions.[21] We believe that this conclusion is warranted in light of the legislature's response to *Simko*, which we already have detailed, and because there is no persuasive reason to follow the exacting common-law principles that led to our decisions in *Simko*.

Indeed, our common law both before and after *Simko* favors a more liberal approach to the treatment of the kind of technical defect in service of process that resulted in the trial court's dismissal of the zoning appeal in the present case. For example, in *Johnson* v.

---

[21] As we have indicated, General Statutes (Rev. to 2005) § 8-8 (g) reflects the intent of the legislature that zoning appeals, unlike other civil actions, shall be subject to dismissal for a total failure to effect service on the board within the statutorily prescribed time period of fifteen days. See footnote 17 of this opinion. In this limited respect, therefore, a failure to adhere to the service requirements of § 8-8 implicates the subject matter jurisdiction of the court, at least in the absence of an applicable savings provision. See id. In all other respects, however, zoning appeals are to be treated as civil actions, and, therefore, technical deficiencies in the appeal do not deprive the court of subject matter jurisdiction.

*Zoning Board of Appeals*, supra, 166 Conn. 102, the defendant zoning board of appeals claimed that the trial court lacked jurisdiction to hear the appeal of the plaintiff, Carol C. Johnson, because the citation had not been signed by a competent authority pursuant to General Statutes (Rev. to 1972) §§ 8-8 and 52-89; id., 105; and that the plaintiff had failed to comply with the requirement of General Statutes (Rev. to 1972) § 8-8 that "[t]he authority issuing a citation in such appeal shall take from the appellant . . . a bond or recognizance to said board, with surety, to prosecute such appeal to effect and comply with the orders and decrees of the court." (Internal quotation marks omitted.) Id. On appeal, we held that the defective citation implicated the *personal jurisdiction* of the court, which the defendant had waived upon entering a general appearance. Id., 107–108.

Thereafter, in *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 610 A.2d 1260 (1992), the defendant commission claimed that the trial court lacked subject matter jurisdiction to hear the appeal of the plaintiff, Max F. Brunswick,[22] because Brunswick, a commissioner of the Superior Court, had signed the appeal citation even though he was a party to the appeal. Id., 543. In reversing the Appellate Court's judgment in favor of the defendant, we overruled the case on which that court had relied, namely, *Doolittle* v. *Clark*, 47 Conn. 316 (1879), explaining that, "[w]hile we require strict compliance with statutory provisions upon the initiation of an administrative appeal . . . the [applicable] statute . . . does not on its face exclude an attorney from signing a writ in a case in which he is a plaintiff. The rule that an attorney may not sign a writ in his own case, and the application of that rule to

---

[22] Although Brunswick was one of several plaintiffs; see *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 543 n.2; we refer to him as the plaintiff in the interest of simplicity.

an administrative appeal, has developed solely through case law. . . . Because the writs used to commence civil actions are analogous to the citations used to commence administrative appeals, there is no basis for regarding such a defect in the one as implicating subject matter jurisdiction, while regarding the defect in the other as relating only to personal jurisdiction. Indeed, we ha[d] held in *Johnson* v. *Zoning Board of Appeals*, [supra, 166 Conn. 107–108], that an improperly executed citation implicates the personal jurisdiction of the court.

"An improperly executed writ or citation does not, therefore, affect the subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the defendant, an improperly executed citation may be waived by the defendant. . . . A defendant may contest the personal jurisdiction of the court even after having entered a general appearance . . . but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Citations omitted; internal quotation marks omitted.) *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 550–51. We then observed that the defendant in that case had submitted to the trial court's jurisdiction by failing to move for dismissal of the appeal within thirty days of filing its general appearance, thereby waiving its right to contest the defective citation.[23] Id., 551.

These cases, moreover, are consistent with the well established principle that, "in determining whether a court has subject matter jurisdiction, every presump-

---

[23] Although the appeal in *Brunswick* was brought pursuant to the Uniform Administrative Procedure Act; *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 546; see General Statutes § 4-183; the court in *Brunswick* relied on *Johnson* in concluding that an improperly executed citation does not implicate the trial court's subject matter jurisdiction. See *Brunswick* v. *Inland Wetlands Commission*, supra, 551.

tion favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999). We therefore require a clear showing of legislative intent that a failure to comply with a particular statutory requirement deprives the court of subject matter jurisdiction. See, e.g., *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 266, 777 A.2d 645 (2001). Indeed, although "mandatory language may be an indication that the legislature intended . . . [for the] requirement to be jurisdictional, such language alone does not overcome the strong presumption of jurisdiction, nor does such language alone prove strong legislative intent to create a jurisdictional bar." Id., 269–70.

In view of the foregoing considerations, we conclude that, although the citation to the plaintiffs' zoning appeal should have named the town clerk, the plaintiffs' failure to do so is not a defect that deprived the trial court of subject matter jurisdiction over that appeal. Accordingly, the trial court improperly dismissed the plaintiffs' appeal on jurisdictional grounds.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.